Smith, J.
In this proceeding it is sought to reverse the judgment' of the court of common pleas, refusing the relief prayed for by the plaintiff in error, and dismissing its petition ; and the ground of error assigned is, that the court erred in overruling the motion filed by it for a new trial, based on the grounds that it was against the law and the evidence.
The action was one to enjoin the auditor of the county from adding to the return of property made by said company to *331 the county auditor, as a company engaged in the business of brewing malt liquors in the city of Cincinnati, the further sum of $128,740, and from placing the same on the duplicate of the county for the year 1892, which, on proceedings taken by the Board of Review of the city of Cincinnati, had been ordered to be added thereto, and to enjoin the county treasurer from collecting any taxes levied on such addition, if made thereto. It being alleged that such addition was made under the provisions of what is known as the Rawlings law, passed April 23, 1891, which is claimed by the plaintiff company" to be in conflict with the provisions of the constitution of the state of Ohio and of the United States, and to be wholly void, as providing for the taxation, more than once, for the same period of time, of the same property.
The case was heard in the court of common pleas, and it was admitted or shown that the plaintiff was a corporation engaged in business as averred in the petition, and that the defendants were threatening to take action as averred in the petition, and that plaintiff had duly paid its taxes other than those involved in the action, and then a statement of facts agreed to by the parties was made part of the bill of exceptions, which was allowed by the court on the overruling of the motion for a new trial. It is in substance as follows : It is agreed for the purpose of the trial between the parties hereto, that the plaintiff company being manufacturers of beer, and not of any other article, made due return under item 12 and item 12a. upon the blanks furnished to them by the auditor, of which a copy is hereto attached. Subsequently the board of review duly added under item 12a the sum alleged in the petition, to plaintiff’s return. Said additions so made to .item 12a were made under color of the law known as the Rawlings law.
It was also .agreed that if the statute known as the Rawlings law (88 Ohio Laws, 341) is constitutional, and authorizes the taxation for said year ending April 1, 1892, of the average monthly value of the raw materials so returned for said year *332 as aforesaid; and also of the beer made therefrom while in process of manufacture; and also of the finished beer manufactured therefrom, or on either or both of the two last named average monthly values, to-wit, that of the unfinished beer and that of the finished beer, that the said additions so made by the board of review shall stand; otherwise said addition shall not. It was further agreed that' the fact that the plaintiff company made return under item 12a, should not be construed or held as an admission by them of the constitutionality of the Rawlings law, or of its proper construction.
On the facts thus found and agreed upon, as shown by the bill of exceptions, the court dismissed the petition and overruled the motion for a new trial. And as we understand it, the only question presented is, whether the Rawlings law is in conflict with any provision of the constitution of the state, as authorizing and requiring double taxation upon the same property for the same period of time.
Waiving the question which has been argued, whether a statute which in effect so provides for double taxation, is necessarily in conflict with the provisions of the constitution, though certainly unjust and to be deprecated, the question first arises whether such is the effect of the statute in question.
The section, (2742 Revised Statutes, as amended), first points out and declares, who for taxation purposes, is to be deemed a manufacturer, and it is conceded that the plaintiff in error is such. It further provides that when he is required to make out and deliver to the assessor a statement of t'he amount of his other personal property subject to taxation, he shall also include in his statement the average value estimated, as provided herein,, of all articles purchased, received or otherwise held for the purpose of being used, in whole or in part, in any process or operation of manufacturing, combining, rectifying or refining, “ and also of all articles which were at any time by him manufactured, or changed in any way, either by combination or rectifying, or refining or adding thereto, which from time to time he shall have had on hand during the yeár *333 next previous to the first day of April, annually, if so long he shall have been engaged in such manufacturing business; and if not, then during the time he shall have been so .engaged. The said average value shall be ascertained by taking the value of all of said property subject to be listed on the average basis, owned by such manufacturer on the last business day of each month the manufacturer was engaged in business during the year, adding such monthly values together, and dividing the result by the number of months the manufacturer was engaged in such business during the year, and the result shall be the average value to be listed.”
It is this part of the statute which is claimed by counsel for the plaintiff in error, so operates as to require manufacturers to pay double taxes on the same property for the same period of time. As was suggested by us to counsel at the argument of the case, we were then unable to see how such would be the case, and after a careful examination of the elaborate briefs submitted, we are still of the same opinion.
The scheme of the law, as we understand it, is, that it attempts by a system of averages, to have the manufacturer ascertain and return for taxation, first, the value of all of the raw material held and owned by him during the whole or such part of the year preceding the return, for the purpose of being used in whole or in part in his business as a manufacturer ; and, second, the value of the articles or property so held by him which was either in process of manufacture, during the same period, or as to which the process had been completed. And in each case the amount to be returned for taxation was to be ascertained by determining the amount of each which was on hand on, the last business day of each month while he was in such business, and adding the separate amounts or values of the raw material thus found together, and dividing the result by the number of months he had been in such business during the year. And so of the articles or property in process of manufacture. And the two results *334 thus obtained show the. amount which should be returned for taxation, for these two items.
It seems to us. that this mode pointed out by the statute for ascertaining the value of the raw materials owned or held during the time the manufacturer is engaged in business during the year for which he makes return, and for ascertaining the value of the manufactured product held and owned, during the same time, is just and equitable, and certainly not to the prejudice of the manufacturer, unless it results in his being taxed twice on the same property for the same period. But how can this be ’? If the whole or a part of the raw material which is on hand on the last business day of one month, has on the last business day of the next or succeeding month changed its character, and become the manufactured article, or is in process of manufacture, its value would not go into the estimate of the amount then on hand as raw material, but in the other estimate of the value of manufactured articles, or articles in process of manufacture, so that its value does not twice enter into the estimate made. It is probable that its value as a manufactured article would be greater than was the raw material, but if its value has increased, why should it not be returned at an increased valuation? We can not .see therefore, that the statute is open to the objection urged against it, that its result is to cause the manufacturers to pay double taxes. In the brief which has been filed, counsel for plaintiff in error, as we understand, object to the statute on another -ground, viz: That “it violates the constitutional provision requiring all property to be taxed, and that prohibiting exemptions from taxation.” That owing to the fact that the statute provides that the amounts held on the last business day of each month are to be taken into computation in fixing the amount to be returned for taxation, instead of the average amount held during the whole month, that much property of this kind might escape the burden of its fair share of taxes, and that a manufacturer “might practically, and indeed rightfully, so manipulate his holdings *335 as to have vast quantities of both, raw and manufactured articles on hand at other times of each month, and yet have virtually nothing to estimate on the last day of the month.” We think that this is an argument which goes more to the ex-pendency and propriety of such legislation, than to the constitutional power and authority of the legislature to enact it. That it had power to pass such a law, we think is abundantly settled by the decisions of our own Supreme Court, the Supreme Court of the United States and other authorities. See 3 Ohio St. 28; 45 Ohio St. 632; 129 U. S. 590; 46 Ohio St. 175. Cooley on Taxation, 164, 170; 101 U. S. 153.
Judson Harmon, J. W. Warrington, S. N. Maxwell and A. E. Carr, for plaintiff in error.
Thornton M. Hinkle and J. H. Bromwell, contra.
The judgment of the court of common pleas will therefore be affirmed.